FILED

APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMONA TANASESCU, | No. 12-55947 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-00700-CJC-MAN |
| v. | |
| THE STATE BAR OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Simona Tanasescu appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging that the State Bar of California

and five private attorneys violated her rights in connection with the dissolutions of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her marriage and her sister's marriage. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and we affirm.

The district court properly dismissed Tanasescu's claims against the State Bar of California as barred by the Eleventh Amendment. *See Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) (the State Bar of California is an arm of the state and is entitled to Eleventh Amendment immunity); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to states and their agencies or departments "regardless of the nature of the relief sought").

The district court properly dismissed Tanasescu's claims against the private parties because Tanasescu failed to allege facts showing that these defendants were acting under color of state law. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private parties do not generally act under color of state law for § 1983 purposes, and conclusory allegations that a private party conspired with a state actor to deprive plaintiff of constitutional rights are insufficient to state a claim).

The district court did not abuse its discretion by denying Tanasescu's request to amend her complaint because the proposed amendments would have been futile.

*See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth the standard of review and explaining that denial of request to amend complaint appropriate where amendment would be futile).

Tanasescu's contention that the district court ignored portions of her complaint and objections to the report and recommendation is unsupported by the record.

**AFFIRMED.**